**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| MIA TUCKER, | : | Case No. 3:26-cv-25 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| KEVIN MCCLANAHAN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

**REPORT AND RECOMMENDATION[1]**

---

This case is before the Court following *pro se* Plaintiff's failure to respond to the Court's May 1, 2026 Order to Show Cause. (Doc. #4).

On January 29, 2026, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*.[2] (Doc. #1). The same day, the Clerk of Court issued a Notice of Deficiency to Plaintiff directing her to file a Civil Cover Sheet/Supplemental Cover Sheet within thirty days. (Doc. #2). On February 17, 2026, the mail containing the Notice of Deficiency was returned was undeliverable to Plaintiff's Chicago, Illinois address. (Doc. #3).

On May 1, 2026, the undersigned issued an Order to Show Cause directing Plaintiff to provide an updated mailing address on or before May 21, 2026. (Doc. #4). The undersigned also advised Plaintiff that failure to timely provide an updated address and show good cause to justify her failure to do so may result in the dismissal of her case for failure to prosecute. *Id.* Mail

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] In her motion, Plaintiff includes her Complaint. (Doc. #1-1). The only allegations in Plaintiff's Complaint state that (1) "Defendant, in numerous occasions, had in ex parte communication," (2) "Defendant should be subjected to impeachment," and (3) "Plaintiff demands $100,000." *Id.* at 3.

containing the Order to Show Cause was likewise returned undeliverable on May 26, 2026. (Doc. #5). To date, Plaintiff has not provided an updated address, shown cause to justify her failure to do so, or filed a Civil Cover Sheet/Supplemental Cover Sheet.

A plaintiff has an affirmative duty to notify the court of any change in his address. *See Barber v. Runyon*, No. 93–6318, 1994 WL 163765, at \*1 (6th Cir. May 2, 1994) ("If [*pro se* plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC*, No. 1:07cv289, 2010 WL 717275, at \*1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action."). Indeed, a plaintiff's failure to supply the Court with an updated address may subject the case to dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (finding that a *pro se* prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address").

When contemplating dismissal of a case under Rule 41(b), a court must consider four factors:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998); *see also Sullivan v. Waffle House*, No. 1:06-cv-63, 2006 WL 3007360 (E.D. Tenn. Oct. 19, 2006) (applying four-part inquiry to a plaintiff's failure to update his address).

In the present case, these factors weigh in favor of dismissal.

First, Plaintiff's failure to update his address constitutes willfulness, bad faith, or fault, because it demonstrates reckless disregard for how her actions, or inactions, impact her case. *See Wu v. T.W. Tang, Inc.*, 420 F. 3d 641, 643 (6th Cir. 2005) ("For a plaintiff's actions to be motivated by bad faith, willfulness or fault, his conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings"); *see also Fountain v. Warden, Franklin Med. Ctr.,* 2013 WL 2468361, at *2 (S.D. Ohio June 7, 2013), *report and recommendation adopted,* 2013 WL 3467057 (S.D. Ohio July 9, 2013) (citing *Sullivan*, 2006 WL 3007360, at *2) (finding that a plaintiff's failure to update his address exhibited reckless disregard for the effect of his conduct on the proceedings); *Keaton v. Bennett*, 322 F.R.D. 303, 305 (N.D. Ohio 2017) (finding that *pro se* plaintiff's failure to provide the court with updated contact information was "indicative of his disregard for the court's ability to manage th[e] litigation in an orderly fashion" and amounted to fault).  Plaintiff has deprived this Court of a means to contact her about her case or a method to notify her when motions or other proceedings require her response or opposition.

Moreover, Plaintiff's duplicative filings throughout the country is also an indication of bad faith. Plaintiff Mia Tucker has filed complaints against Defendant Kevin McClanahan that are materially identical to the instant Complaint in various district courts across at least 11 states since the beginning of 2026. *Tucker v. McClanahan*, No. 26-CV-73, 2026 WL 1414065 (W.D. Wis. May 20, 2026); *Tucker v. McClanahan*, No. 3:26-334, 2026 U.S. Dist. LEXIS 64576 (D.S.C.

3

March 25, 2026); *Tucker v. McClanahan*, No. 4:26-CV-3022, 2026 U.S. Dist. LEXIS 62835 (D. Neb. March 25, 2026); *Tucker v. McClanahan*, No. 1:26-CV-443, 2026 U.S. Dist. LEXIS 36568 (W.D. Mich. Feb. 23, 2026); *Tucker v. McClanahan*, No. 3:26-CV-24, 2026 WL 682535 (N.D. Miss. Feb. 18, 2026); *Tucker v. McClanahan*, No. 2:26-CV-2036, 2026 WL 396438 (C.D. Ill. Feb. 11, 2026); *Tucker v. McClanahan*, No. 4:26-CV-121, 2026 WL 915204 (E.D. Tex. Feb. 6, 2026*); Tucker v. McClanahan*, No. 26-CV-73, 2026 U.S. Dist. LEXIS 103616 (D.N.H. Feb. 4, 2026); *Tucker v. McClanahan*, No. 2:26-CV-225, 2026 U.S. Dist. LEXIS 23017 (D. Nev. Feb. 3, 2026); *Tucker v. McClanahan*, No. 5:26-CV-11, 2026 WL 270688 (W.D. Va. Feb. 2, 2026). Where a plaintiff files the same complaint with the same bare-bones allegations in several courts, it is reasonable to deduce that plaintiff is acting in bad faith or with an "inten[t] to harass either the defendant, the court, or both." *See Gonzalez v. Basu*, No. 1:26-cv-1159, 2026 WL 1105977, at *3 (C.D. Ill. April 23, 2026) (dismissing a materially identical complaint—which alleged that "Defendant engaged in ex parte communication" and "Plaintiff demands $100,000"—as malicious and intended to harass after "the same complaint with the same, baseless, meager allegations" was filed in over 32 courts across the country); *see also Adams v. Jimenez*, No. 8:26-cv-68, 2026 WL 1288272 (M.D. Fla. April 22, 2026) (dismissing a complaint alleging that Defendant "had ex parte communication with certain individuals" and " conspired with others in violation of due process" as malicious and an abuse of the judicial process after Plaintiff filed duplicative actions in over 40 other federal district courts across the U.S.).

Second, as this case is in its preliminary stages, the record does not establish that Defendant has been prejudiced by the delay. *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 740 (6th Cir. 2008) (finding that time and effort spent on "typical steps in the early stages of litigation" are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of

4

dismissal for failure to prosecute). The Court notes that unnecessary delay could prejudice Defendant, but nonetheless finds that this second factor applies neutrally at this time.

Third, the Court's Show Cause Order explicitly stated that Plaintiff's failure to update her address could result in dismissal of this case. (Doc. #4). Although the Order was returned as undeliverable, the Court nevertheless attempted to warn Plaintiff that her conduct would result in a dismissal. *See Sullivan*, 2006 WL 3007360, at * 2 (dismissing action even though the Court's warnings did not reach the plaintiff due to his failure to update his address); *Bryant v. Warden, Franklin Cnty. Corr. Ctr.*, No. 2:17-CV-00335, 2017 WL 6520874, at *2 (S.D. Ohio Dec. 4, 2017), *report and recommendation adopted,* No. 2:17-CV-00335, 2017 WL 6508595 (S.D. Ohio Dec. 20, 2017) (same).

Last, the undersigned concludes that there is no sanction less drastic than dismissal that would be appropriate under the circumstances. Any other sanction that the Court might impose would not reach Plaintiff because she has left the Court with no means of contacting her. *See Sullivan*, 2006 WL 3007360, at * 2 ("[E]ven if the Court were to implement sanctions less drastic than dismissal, the case would remain stalled due to the Court's inability to communicate with Plaintiff."); *Alger v. McDowell*, No. 19-12889, 2022 WL 2349722, at *2 (E.D. Mich. May 12, 2022), *report and recommendation adopted,* 2022 WL 2345737 (E.D. Mich. June 29, 2022) ("[G]iven Plaintiff's failure to respond to the Court's Order to Show Cause, the undersigned sees no utility in considering or imposing lesser sanctions.").

For these reasons, the undersigned concludes that dismissal without prejudice is appropriate.

**IT IS THEREFORE RECOMMENDED THAT:**

1. This case be **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute;

2. In light of the above recommendation, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) be **DENIED** as moot; and

3. The case be terminated on the Court's docket.


May 28, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).